## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Charles Anthony Crawford,<br><br>      Debtor<br><br>Nationstar Mortgage LLC d/b/a Mr. Cooper,<br><br>      Movant<br><br>v.<br><br>Charles Anthony Crawford,<br><br>      Debtor/Respondent<br><br>SCOTT F. WATERMAN, Esquire<br><br>      Trustee/Respondent | Bankruptcy No. 21-13411-amc<br><br>Chapter 13<br><br>Hearing Date: March 30, 2022<br>Hearing Time: 11:00am<br>Location: Robert N.C. Nix Sr.<br>Federal Courthouse, 900 Market<br>Street, Suite 204, Philadelphia, PA<br>19107 |

## MOTION OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER TO FORECLOSE ON 1337 N. 32ND STREET, PHILADELPHIA, PENNSYLVANIA 19121-4422

Secured Creditor, Nationstar Mortgage LLC d/b/a Mr. Cooper, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Charles Anthony Crawford, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on December 30, 2021.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On December 18, 2012, Charles A. Crawford executed and delivered a Promissory Note

("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $255,500.00 to Ally Bank Corp.  A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on January 15, 2013 in Document Number 52585932 of the Public Records of Philadelphia County, Pennsylvania.  A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 1337 N. 32nd Street, Philadelphia, Pennsylvania 19121-4422, ("the Property").

6. The loan was lastly assigned to Nationstar Mortgage LLC d/b/a Mr. Cooper and same was recorded with the Philadelphia County Recorder of Deeds on May 24, 2019, as Instrument Number 53516981. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C."

7. Based upon the Debtor(s)' Chapter 13 Plan (Docket No. 2), the Debtor intends to cure Secured Creditor's pre-petition arrearages within the Chapter 13 Plan and is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Chapter 13 Plan is attached hereto as Exhibit "D."

8. Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of $1,463.92 which came due on January 1, 2022 and February 1, 2022, respectively.

9. Thus, Debtor(s)' post-petition arrearage totaled the sum of $2,927.84 through February 23, 2022.

10. The current unpaid principal balance due under the loan documents is approximately

$222,657.78.  Movant's total claim amount, itemized below, is approximately

$258,663.44.  See Exhibit "E."

| | |
|---|---|
| Unpaid Balance | $222,657.78 |
| Interest Amount | $24,020.71 |
| Escrow Advance | $12,410.49 |
| Corporate Advance | $695.00 |
| Total Suspense | ($1,120.54) |
| Total Payoff | $258,663.44 |

11. According to the Debtor(s)' schedules, the value of the property is $338,990.00.  A true

and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "F."

12. Upon review of Debtor's Petition (Schedule "D"), the subject property is also encumbered

by additional liens in the amount of $108,765.92 in favor of Bankers Healthcare Group,

LLC; in the amount of $4,495.00 in favor of Brewerytown Square; in the amount of

$30,118.39 in favor of Cenlar FSB; and in the amount of $459.41 in favor of City of

Philadelphia Law Department.

13. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay

for "cause" which includes a lack of adequate protection of an interest in property.

Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a

debtor has failed to make installment payments or payments due under a court-approved

plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged

Property.

14. As set forth herein, Debtor has defaulted on the secured obligation having failed to make

all monthly post-petition installment payments due to Secured Creditor.

15. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable

Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

16. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Nationstar Mortgage LLC d/b/a Mr. Cooper to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: March 4, 2022

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@raslg.com